Jan P. Weir, State Bar No. 106652
jweir@sycr.com
Douglas Q. Hahn, State Bar No. 257559
dhahn@sycr.com
Joseph J. Mellema, State Bar No. 248118
jmellema@sycr.com
STRADLING YOCCA CARLSON & RAUTH
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Tel: 949-725-4000

Andrew G. DiNovo (will seek admission *pro hac vice*)
adinovo@dpelaw.com
Adam G. Price (will seek admission *pro hac vice*)
aprice@dpelaw.com
Victor G. Hardy (will seek admission *pro hac vice*)
vhardy@dpelaw.com
DiNovo Price Ellwanger & Hardy LLP
7000 North Mopac Expressway
Suite 350
Austin, TX 78731
Tel: 512-539-2632

Attorneys for Plaintiff
Preservation Technologies LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESERVATION TECHNOLOGIES LLC, <br><br> Plaintiff, <br><br> vs. <br><br> FACEBOOK, INC., <br><br> Defendant. | CASE NO. CV11 - 10701 JFW (JEMx) <br><br> **PLAINTIFF'S ORIGINAL COMPLAINT** <br><br> Jury Trial Demanded |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

COMPLAINT

LITIOC/2013284v2/019999-0000


## PLAINTIFF'S ORIGINAL COMPLAINT

Preservation Technologies LLC ("Preservation Technologies") by and through its attorneys, for its Original Complaint against Defendant Facebook, Inc. ("Facebook") hereby alleges as follows:

## I. NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, et seq., to enjoin and obtain damages resulting from Facebook's unauthorized use, sale, and offer to sell in the United States of products, methods, processes, services and/or systems that infringe one or more claims of United States Patent No. 6,199,060, issued on March 6, 2001, for "Method and Apparatus Management of Multimedia Assets" naming Samuel Gustman as inventor (the "'060 Patent"), a true and correct copy of which is attached hereto as **Exhibit 1**; United States Patent No. 6,581,071, issued June 17, 2003, for "Surveying System and Method" naming Samuel Gustman and Barbara DeLury as inventors (the "'071 Patent"), a true and correct copy of which is attached hereto as **Exhibit 2**; United States Patent No. 5,813,014, issued on September 22, 1998, for "Method and Apparatus for Management of Multimedia Assets" naming Samuel Gustman as inventor (the "'014 Patent"), a true and correct copy of which is attached hereto as **Exhibit 3**; United States Patent No. 6,092,080, issued July 18, 2000, for "Digital Library System" naming Samuel Gustman as inventor (the "'080 Patent"), a true and correct copy of which is attached hereto as **Exhibit 4**; United States Patent No. 6,212,527, issued April 3, 2001, for "Method and Apparatus for Cataloguing Multimedia Data" naming Samuel Gustman as inventor (the "'527 Patent"), a true and correct copy of which is attached hereto as **Exhibit 5**; United States Patent No. 6,574,638, issued June 3, 2003, for "Method and Apparatus for Cataloguing Multimedia Data Using Surveying Data" naming Samuel Gustman and Barbara DeLury as inventors (the "'638 Patent"), a true and

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2013284v2/019999-0000

-1-

COMPLAINT

correct copy of which is attached hereto as **Exhibit 6**; United States Patent No. 6,549,911, issued April 15, 2003, for "Method and Apparatus for Cataloguing Multimedia Data" naming Samuel Gustman as inventor (the "'911 Patent"), a true and correct copy of which is attached hereto as **Exhibit 7**; and United States Patent No. 6,353,831, issued March 5, 2002, for "Digital Library System" naming Samuel Gustman as inventor (the "'831 Patent"), a true and correct copy of which is attached hereto as **Exhibit 8**. Collectively, the '060 Patent, the '071 Patent, the '014 Patent, the '080 Patent, the '527 Patent, the '638 Patent, the '911 Patent and the '831 Patent are referenced herein as the "Patents-in-Suit."

2. Preservation Technologies is the exclusive licensee and holder of all substantial rights and interest in and to the Patents-in-Suit.

3. Facebook manufactures, provides, sells, offers for sale, imports and/or distributes infringing products and services; and/or induces others to use its products and services in an infringing manner; and/or contributes to the use of infringing products and services by others.

4. Plaintiff Preservation Technologies seeks injunctive relief to prevent Facebook from continuing infringement of Plaintiff's valuable patent rights. Plaintiff Preservation Technologies further seeks monetary damages and prejudgment interest for Facebook's past infringement of the Patents-in-Suit.

5. This is an exceptional case, and Preservation Technologies is entitled to damages, enhanced damages, attorneys' fees, costs and expenses.

## II. THE PARTIES

6. Plaintiff Preservation Technologies LLC is a Delaware limited liability company, having its principal place of business at 874 Walker Road, Suite C, Dover DE 19904.

7. On information and belief, Facebook is a corporation organized and existing under the laws of the State of Delaware, with a place of business located at

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-2-
COMPLAINT
LITIOC/2013284v2/019999-0000

1601 S. California Avenue, Palo Alto, CA 94304. Facebook can be served with process by serving its registered agent for service of process in the State of California, Corporation Service Company d/b/a CSC - Lawyers Incorporating Service, 2730 Gateway Oaks Dr., Ste. 100, Sacramento, CA 95833.

### III. JURISDICTION AND VENUE

8.   This is an action for patent infringement which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§271, 281, 283, 284 and 285. This Court has exclusive jurisdiction over the subject matter of this action under 28 U.S.C. §§1331 and 1338(a).

9.   On information and belief, venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

10.   On information and belief, Defendant Facebook is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the California Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in California and in this Judicial District.

### IV. BACKGROUND

11.   The USC Shoah Foundation developed the patented technology. Its impetus was to gather, catalog and make available for access thousands of video testimonies. In January 2006, the Survivors of the Shoah Visual History Foundation became part of the Dana and David Dornsife College of Letters, Arts

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-3-
COMPLAINT
LITIOC/2013284v2/019999-0000

and Sciences at the University of Southern California in Los Angeles, where the testimonies in the Visual History Archive are preserved.

12. Preservation Technologies has all substantial rights and interest to the Patents-in-Suit, including all rights to recover for all past and future infringements thereof.

## V. DEFENDANT'S ACTS

13. Facebook manufactures, provides, sells, offers for sale and/or distributes infringing systems. The infringing Facebook systems and methods include, but are not limited to, systems and methods relating to the cataloguing, organizing searching, rating, and provisioning digital multimedia data including but not limited to the foregoing services on Facebook.com, and related products. Facebook provides related services, specifications and instructions for the installation and operation of such systems to its customers.

## VI. COUNT ONE
## DIRECT AND INDIRECT INFRINGEMENT OF
## U.S. PATENT NO. 6,199,060

14. Preservation Technologies incorporates by reference its allegations in Paragraphs 1-13 as if fully restated in this paragraph.

15. Preservation Technologies has all substantial rights and interest to the '060 Patent, including all rights to recover for all past and future infringements thereof.

16. The '060 Patent is valid and enforceable.

17. On information and belief, Defendant Facebook, without permission of Preservation Technologies, has been and is presently infringing the '060 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using, selling, offering for sale and importing methods and articles infringing one or more

-4-
COMPLAINT

claims of the '060 Patent. Defendant is thus liable for direct infringement of the '060 Patent pursuant to 35 U.S.C. § 271(a).

18. On information and belief, at least since the filing of this Complaint, Defendant Facebook, without permission of Preservation Technologies, has been and is presently indirectly infringing the '060 Patent, including actively inducing infringement of the '060 Patent under 35 U.S.C. § 271(b) and contributing to infringement of the '060 Patent under 35 U.S.C. § 271(c). Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing consumers to use infringing articles and methods that Facebook knew or should have known infringe one or more claims of the '060 Patent.

19. On information and belief, Defendant, with knowledge of the '060 Patent, provides instructions to its customers to use the accused instrumentalities in an infringing manner, and their customers do so.

20. As a result of Defendant's infringement of the '060 Patent, Preservation Technologies has suffered monetary damages that are adequate to compensate them for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## VII. COUNT TWO
## DIRECT AND INDIRECT INFRINGEMENT OF
## U.S. PATENT NO. 6,581,071

21. Preservation Technologies incorporates by reference its allegations in Paragraphs 1-13 as if fully restated in this paragraph.

22. Preservation Technologies has all substantial rights and interest to the '071 Patent, including all rights to recover for all past and future infringements thereof.

23. The '071 Patent is valid and enforceable.

24. On information and belief, Defendant Facebook, without permission of Preservation Technologies, has been and is presently infringing the '071 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using, selling, offering for sale and importing methods and articles infringing one or more claims of the '071 Patent. Defendant is thus liable for direct infringement of the '071 Patent pursuant to 35 U.S.C. § 271(a).

25. On information and belief, at least since the filing of this Complaint, Defendant Facebook, without permission of Preservation Technologies, has been and is presently indirectly infringing the '071 Patent, including actively inducing infringement of the '071 Patent under 35 U.S.C. § 271(b) and contributing to infringement of the '071 Patent under 35 U.S.C. § 271(c). Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing consumers to use infringing articles and methods that Facebook knew or should have known infringe one or more claims of the '071 Patent.

26. On information and belief, Defendant, with knowledge of the '071 Patent, provides instructions to its customers to use the accused instrumentalities in an infringing manner, and their customers do so.

27. As a result of Defendant's infringement of the '071 Patent, Preservation Technologies has suffered monetary damages that are adequate to compensate them for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## VIII. COUNT THREE

### DIRECT AND INDIRECT INFRINGEMENT OF
### U.S. PATENT NO. 5,813,014

28. Preservation Technologies incorporates by reference its allegations in Paragraphs 1-13 as if fully restated in this paragraph.

29. Preservation Technologies has all substantial rights and interest to the '014 Patent, including all rights to recover for all past and future infringements thereof.

30. The '014 Patent is valid and enforceable.

31. On information and belief, Defendant Facebook, without permission of Preservation Technologies, has been and is presently infringing the '014 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using, selling, offering for sale and importing methods and articles infringing one or more claims of the '014 Patent. Defendant is thus liable for direct infringement of the '014 Patent pursuant to 35 U.S.C. § 271(a).

32. On information and belief, at least since the filing of this Complaint, Defendant Facebook, without permission of Preservation Technologies, has been and is presently indirectly infringing the '014 Patent, including actively inducing infringement of the '014 Patent under 35 U.S.C. § 271(b) and contributing to infringement of the '014 Patent under 35 U.S.C. § 271(c). Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing consumers to use infringing articles and methods that Facebook knew or should have known infringe one or more claims of the '014 Patent.

33. On information and belief, Defendant, with knowledge of the '014 Patent, provides instructions to its customers to use the accused instrumentalities in an infringing manner, and their customers do so.

34. As a result of Defendant's infringement of the '014 Patent, Preservation Technologies has suffered monetary damages that are adequate to compensate them for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-7-
COMPLAINT
LITIOC/2013284v2/019999-0000

# IX. COUNT FOUR

## DIRECT AND INDIRECT INFRINGEMENT OF

## U.S. PATENT NO. 6,092,080

35. Preservation Technologies incorporates by reference its allegations in Paragraphs 1-13 as if fully restated in this paragraph.

36. Preservation Technologies has all substantial rights and interest to the '080 Patent, including all rights to recover for all past and future infringements thereof.

37. The '080 Patent is valid and enforceable.

38. On information and belief, Defendant Facebook, without permission of Preservation Technologies, has been and is presently infringing the '080 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using, selling, offering for sale and importing methods and articles infringing one or more claims of the '080 Patent. Defendant is thus liable for direct infringement of the '080 Patent pursuant to 35 U.S.C. § 271(a).

39. On information and belief, at least since the filing of this Complaint, Defendant Facebook, without permission of Preservation Technologies, has been and is presently indirectly infringing the '080 Patent, including actively inducing infringement of the '080 Patent under 35 U.S.C. § 271(b) and contributing to infringement of the '080 Patent under 35 U.S.C. § 271(c). Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing consumers to use infringing articles and methods that Facebook knew or should have known infringe one or more claims of the '080 Patent.

40. On information and belief, Defendant, with knowledge of the '080 Patent, provides instructions to its customers to use the accused instrumentalities in an infringing manner, and their customers do so.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-8-

COMPLAINT

LITIOC/2013284v2/019999-0000

41. As a result of Defendant's infringement of the '080 Patent, Preservation Technologies has suffered monetary damages that are adequate to compensate them for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## X. COUNT FIVE
## DIRECT AND INDIRECT INFRINGEMENT OF
## U.S. PATENT NO. 6,212,527

42. Preservation Technologies incorporates by reference its allegations in Paragraphs 1-13 as if fully restated in this paragraph.

43. Preservation Technologies has all substantial rights and interest to the '527 Patent, including all rights to recover for all past and future infringements thereof.

44. The '527 Patent is valid and enforceable.

45. On information and belief, Defendant Facebook, without permission of Preservation Technologies, has been and is presently infringing the '527 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using, selling, offering for sale and importing methods and articles infringing one or more claims of the '527 Patent. Defendant is thus liable for direct infringement of the '527 Patent pursuant to 35 U.S.C. § 271(a).

46. On information and belief, at least since the filing of this Complaint, Defendant Facebook, without permission of Preservation Technologies, has been and is presently indirectly infringing the '527 Patent, including actively inducing infringement of the '527 Patent under 35 U.S.C. § 271(b) and contributing to infringement of the '527 Patent under 35 U.S.C. § 271(c). Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing consumers to use infringing articles and methods that

Facebook knew or should have known infringe one or more claims of the '527 Patent.

47. On information and belief, Defendant, with knowledge of the '527 Patent, provides instructions to its customers to use the accused instrumentalities in an infringing manner, and their customers do so.

48. As a result of Defendant's infringement of the '527 Patent, Preservation Technologies has suffered monetary damages that are adequate to compensate them for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## XI. COUNT SIX
## DIRECT AND INDIRECT INFRINGEMENT OF
## U.S. PATENT NO. 6,574,638

49. Preservation Technologies incorporates by reference its allegations in Paragraphs 1-13 as if fully restated in this paragraph.

50. Preservation Technologies has all substantial rights and interest to the '638 Patent, including all rights to recover for all past and future infringements thereof.

51. The '638 Patent is valid and enforceable.

52. On information and belief, Defendant Facebook, without permission of Preservation Technologies, has been and is presently infringing the '638 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using, selling, offering for sale and importing methods and articles infringing one or more claims of the '638 Patent. Defendant is thus liable for direct infringement of the '638 Patent pursuant to 35 U.S.C. § 271(a).

53. On information and belief, at least since the filing of this Complaint, Defendant Facebook, without permission of Preservation Technologies, has been and is presently indirectly infringing the '638 Patent, including actively inducing

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-10-
COMPLAINT

LITIOC/2013284v2/019999-0000

infringement of the '638 Patent under 35 U.S.C. § 271(b) and contributing to infringement of the '638 Patent under 35 U.S.C. § 271(c). Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing consumers to use infringing articles and methods that Facebook knew or should have known infringe one or more claims of the '638 Patent.

54. On information and belief, Defendant, with knowledge of the '638 Patent, provides instructions to its customers to use the accused instrumentalities in an infringing manner, and their customers do so.

55. As a result of Defendant's infringement of the '638 Patent, Preservation Technologies has suffered monetary damages that are adequate to compensate them for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## XII. COUNT SEVEN
## DIRECT AND INDIRECT INFRINGEMENT OF
## U.S. PATENT NO. 6,549,911

56. Preservation Technologies incorporates by reference its allegations in Paragraphs 1-13 as if fully restated in this paragraph.

57. Preservation Technologies has all substantial rights and interest to the '911 Patent, including all rights to recover for all past and future infringements thereof.

58. The '911 Patent is valid and enforceable.

59. On information and belief, Defendant Facebook, without permission of Preservation Technologies, has been and is presently infringing the '911 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using, selling, offering for sale and importing methods and articles infringing one or more

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-11-
COMPLAINT
LITIOC/2013284v2/019999-0000

claims of the '911 Patent. Defendant is thus liable for direct infringement of the '911 Patent pursuant to 35 U.S.C. § 271(a).

60. On information and belief, at least since the filing of this Complaint, Defendant Facebook, without permission of Preservation Technologies, has been and is presently indirectly infringing the '911 Patent, including actively inducing infringement of the '911 Patent under 35 U.S.C. § 271(b) and contributing to infringement of the '911 Patent under 35 U.S.C. § 271(c). Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing consumers to use infringing articles and methods that Facebook knew or should have known infringe one or more claims of the '911 Patent.

61. On information and belief, Defendant, with knowledge of the '911 Patent, provides instructions to its customers to use the accused instrumentalities in an infringing manner, and their customers do so.

62. As a result of Defendant's infringement of the '911 Patent, Preservation Technologies has suffered monetary damages that are adequate to compensate them for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## XIII. COUNT EIGHT
## DIRECT AND INDIRECT INFRINGEMENT OF
## U.S. PATENT NO. 6,353,831

63. Preservation Technologies incorporates by reference its allegations in Paragraphs 1-13 as if fully restated in this paragraph.

64. Preservation Technologies has all substantial rights and interest to the '831 Patent, including all rights to recover for all past and future infringements thereof.

65. The '831 Patent is valid and enforceable.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-12-
COMPLAINT
LITIOC/2013284v2/019999-0000

66. On information and belief, Defendant Facebook, without permission of Preservation Technologies, has been and is presently infringing the '831 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using, selling, offering for sale and importing methods and articles infringing one or more claims of the '831 Patent. Defendant is thus liable for direct infringement of the '831 Patent pursuant to 35 U.S.C. § 271(a).

67. On information and belief, at least since the filing of this Complaint, Defendant Facebook, without permission of Preservation Technologies, has been and is presently indirectly infringing the '831 Patent, including actively inducing infringement of the '831 Patent under 35 U.S.C. § 271(b) and contributing to infringement of the '831 Patent under 35 U.S.C. § 271(c). Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing consumers to use infringing articles and methods that Facebook knew or should have known infringe one or more claims of the '831 Patent.

68. On information and belief, Defendant, with knowledge of the '831 Patent, provides instructions to its customers to use the accused instrumentalities in an infringing manner, and their customers do so.

69. As a result of Defendant's infringement of the '831 Patent, Preservation Technologies has suffered monetary damages that are adequate to compensate them for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## XIV. **JURY DEMAND**

70. Plaintiff Preservation Technologies hereby demands a jury on all issues so triable.

## XV. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Preservation Technologies respectfully requests that the Court:

A. Enter judgment that Defendant infringes one or more claims of the Patents-in-Suit literally and/or under the doctrine of equivalents;

B. Permanently enjoin Defendant, its agents, servants and employees, and all those in privity with Defendant or in active concert and participation with Defendant, from engaging in acts of infringement of the Patents-in-Suit;

C. Award Plaintiff Preservation Technologies past and future damages together with prejudgment and post-judgment interest to compensate for the infringement by Defendant of the Patents-in-Suit in accordance with 35 U.S.C. §284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. §284;

D. Declare this case exceptional pursuant to 35 U.S.C. §285; and

E. Award Plaintiff Preservation Technologies its costs, disbursements, attorneys' fees and such further and additional relief as is deemed appropriate by this Court.

DATED: December 27, 2011

STRADLING YOCCA CARLSON & RAUTH
A Professional Corporation

By: _____
Douglas Q. Hahn

Attorneys for Plaintiff
Preservation Technologies LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge John F. Walter and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

**CV11- 10701 JFW (JEMx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Jan P. Weir (SBN 106652)
jweir@sycr.com
Douglas Q. Hahn (SBN 257559)
dhahn@sycr.com
Stradling Yocca Carlson & Rauth
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660
T: 949-725-4000 / F: 949-725-4100

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESERVATION TECHNOLOGIES LLC,<br><br>                    PLAINTIFF(S)<br>v.<br><br>FACEBOOK, INC.,<br><br>                    DEFENDANT(S). | CASE NUMBER<br><br>**CV11 - 10701 JFW (JEMx)**<br><br><br>**SUMMONS** |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ ____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Jan P. Weir and/or Douglas Hahn, whose address is 660 Newport Center Drive, Suite 1600, Newport Beach, CA 92660. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

                                                    Clerk, U.S. District Court

        DEC 27 2011

Dated: _____    By: __**DODJIE LAGMAN**__
                                                         Deputy Clerk

                                                    (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

ORIGINAL

CV-01A (10/11)                              SUMMONS                              American LegalNet, Inc.
                                                                                 www.FormsWorkFlow.com

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
PRESERVATION TECHNOLOGIES LLC

**DEFENDANTS**
FACEBOOK, INC.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Jan P Weir (SBN 106652) / Douglas Q. Hahn (SBN 257559)
STRADLING YOCCA CARLSON & RAUTH
660 Newport Center Dr., Suite 1600, Newport Beach, CA 92660
T: 949-725-4000 / F: 949-725-4100
jweir@sycr.com / dhahn@sycr.com

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No  ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Action for Patent Infringement, 35 U.S.C §§ 271, et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☒ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | **IMMIGRATION** | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**CV11 - 10701 JFW (JEMx)**

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)        CIVIL COVER SHEET        Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☒ Yes
If yes, list case number(s): SACV11-01860 DOC (JPRx) / SACV11-01862 DOC (JPRx)

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☒ A. Arise from the same or closely related transactions, happenings, or events; or
☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☒ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☒ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Preservation Technologies LLC, Delaware Limited Liability Company |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Facebook, Inc., Orange County, California |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Defendant has committed acts of patent infringement with the County of Orange, California. |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _/s/ Douglas Q. Hahn_   Date December 27, 2011

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |